# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 07-026-KD-M |
| ) | |
| CRYSTAL DEANN HILLMAN, ) | |
|    Defendant. ) | |

## ORDER

This matter is before the court on Defendant Crystal Deann Hillman's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines (Doc. 70).

The United States Sentencing Commission has enacted an amendment to the United States Sentencing Guidelines that, in general, has the effect of reducing the sentencing ranges for offenses involving particular quantities of crack cocaine. See U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). Because Parts A and C of this amendment apply retroactively, see id. § 1B1.10(c), the Court is empowered pursuant to 18 U.S.C. § 3582(c)(2) to modify Defendant's sentence. See generally United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)" (emphasis in original)).

After review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, it appears that Defendant is not eligible for a sentence reduction. On October 25, 2011, one week before Amendment 750 took effect, Defendant was released from the custody of the Bureau of Prisons. (Doc. 71). Because Defendant has already served her entire sentence, the Court is not authorized to order any reduction. See § 1B1.10(b)(2)(C) ("In no event may the

1

reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

Accordingly, Defendant's motion for a reduction of sentence is due to be and hereby is **DENIED as MOOT**.

**DONE** and **ORDERED** this the **23rd** day of **December 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**